[Dkt. Nos. 9, 21]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| STEPHEN S. EDWARDS,<br><br>             Plaintiff,<br><br>     v.<br><br>PHH MORTGAGE CORPORATION, et al.,<br><br>             Defendants. | Civil No. 17-7807(RMB/KMW)<br><br>**OPINION** |

**BUMB**, United States District Judge:

This matter comes before the Court upon the filing of a motion, [Dkt. No. 9], by Defendant PHH Mortgage Corporation ("Defendant" or "PHH") seeking (1) the dismissal of Plaintiff Stephen S. Edwards' ("Plaintiff") Complaint in its entirety pursuant to Fed. R. Civ. P. 8 and 12(b)(6) or (2) the transfer of this matter to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Court will GRANT Defendant's motion to dismiss, without prejudice, and will grant Plaintiff thirty days to amend his Complaint consistent with the concerns expressed in this Opinion.[1]

---

[1] Plaintiff never filed an opposition to Defendant's motion. He did, however, file a "Motion to Quash Notice of Motion to

## I.    Background

Because Plaintiff is proceeding pro se, the Court liberally construes his Complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) ("[H]owever inartfully pleaded," the "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]"). Even construing Plaintiff's Complaint liberally, his factual allegations are vague and unclear. The facts set forth herein are those which the Court could construe from Plaintiff's Complaint.

Plaintiff resides at 16030 S. 36th Street, Phoenix, Arizona 48048. (Compl. ¶ 3). Defendant is a mortgage corporation headquartered in New Jersey that conducts business throughout the nation, including "regularly" conducting business "through its entities in the Maricopa County area of Arizona." (Id. ¶ 4). Plaintiff alleges that PHH, at some point, "fraudulently" misled him into a "faulty mortgage situation, in which [he] took a construction loan . . . which in turn . . . led to a fraudulent foreclosure." (Id. ¶ 5). Plaintiff does not identify the

Dismiss Complaint for Federal Violations of Law." [See Dkt. No. 21]. On October 26, 2017, Defendant filed an application for an automatic extension of its time to answer or otherwise respond to Plaintiff's Complaint, pursuant to Local Civ. R. 6.1(b). Defendant's motion was timely filed and in compliance with the local rule, and Plaintiff's motion will be DENIED.

location of the property that is subject to this mortgage. Moreover, throughout his Complaint Plaintiff seems to variably allege that he owes PHH nothing, that he owes PHH $100,000, and that PHH owes him $285,000.00. (Id. ¶¶ 16-18, Ex. 1).

In connection with this construction loan and mortgage, Plaintiff alleges that PHH has "lied" both to credit reporting agencies and courts about how much Plaintiff owes them. (Id. at ¶¶ 7-9). Plaintiff also alleges that PHH declined full payment in November 2014 and July 2015 and "circumvented the sale" of his home on two occasions. (Id. ¶¶ 12-13). Moreover, Plaintiff alleges, "PHH failed to provide a Simple Payoff letter and when ordered to do so they [sic] submitted fraudulent payoff terms purposely harassing Edwards." (Id. ¶ 14). Plaintiff alleges that PHH's actions led him to build a custom home without the assistance of a licensed contractor, and to convert his home into a business, which in turn hurt his ability to run his "limousine service." (Id. ¶ 21).

Plaintiff filed his Complaint on October 3, 2017, alleging (1) breach of contract; (2) breach of fiduciary duty; (3) fraud; (4) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq.; (5) and Violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq.. Plaintiff seeks monetary damages and equitable relief in the forms of an Order requiring specific

performance by PHH and an injunction prohibiting PHH from, among other things, foreclosing on his mortgage.

This is not Plaintiff's first suit against PHH. Plaintiff has filed at least six actions against PHH in Arizona state and federal courts. See Super Trust Fund u/t/d 06/15/01 v. Charles Schwab Bank et al., No. 2:13-cv-00735-ROS (D. Ariz.)("Edwards I"); Edwards v. Charles Schwab Bank et al., No. 2:14-cv-00066-MHB (D. Ariz)("Edwards II"); Stephen S. Edwards Inc. v. PHH Mortgage Corp. et al., No. 2:15-cv-00919-ROS (D. Ariz.)("Edwards III"); Stephen S. Edwards v. PPH Corp., et al., No. 2:16-cv-01842-JJT (D. Ariz.)("Edwards IV"); Stephen S. Edwards v. PPH Corp., et al., No. CV2017-012833, (Sup. Ct. Ariz.)("Edwards V"). Each of these previously filed actions, several of which have been dismissed, relates to a loan secured by real property located at 1765 N. Lemon Street, Mesa, Arizona 85025 (the "Lemon Street Property").

## II.  Legal Standards

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Claims are facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "an unadorned, the-defendant-unlawfully harmed-me accusation" will not survive a motion to dismiss. Id. at 663. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff" when reviewing a plaintiff's allegations. Bistrian v. Levi, 696 F.3d 352 n. 1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citing Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

Moreover, Fed. R. Civ. P. 8(a) requires that the Complaint contain: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already

has jurisdiction and the claim needs no grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

**III. Analysis**

PHH seeks the dismissal of this action on three grounds: (1) that the Complaint is barred by the doctrine of res judicata; (2) that the Complaint is barred by New Jersey's entire controversy doctrine; and (3) that even were it not barred by res judicata or the entire controversy doctrine, the Complaint fails to state a plausible claim against PHH. If the Court does not dismiss Plaintiff's claims, Defendant requests that the case be transferred to the United States District Court for the District of Arizona. As noted above, Plaintiff brings claims for (1) breach of contract; (2) breach of fiduciary duty; (3) fraud; (4) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq.; (5) and Violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq..[2] Plaintiff has, however, failed to provide "a short and plain statement" showing that he is entitled to relief or plead sufficient factual content to

---

[2] Plaintiff also brings "claims" for specific performance and injunctive relief. These are remedies, not claims, and as such will be dismissed. Because, as discussed below, Plaintiff has failed to plead any plausible claims, the Court will not at this point address the relief to which Plaintiff may or may not be entitled.

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" in any of these counts. Iqbal, 556 U.S. at 663; Fed. R. Civ. P. 8.

To state a claim for breach of contract, Plaintiff must allege "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that . . . [he] performed . . . [his] . . . own contractual obligations." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007). Plaintiff has provided minimal detail as to the contract at issue, and has not specified which provisions of that contract Defendant allegedly breached or in what way it did so. Without even this basic information, the Court is left unable to determine the plausibility of Plaintiff's claim.

Under New Jersey law, "a fiduciary relationship exists when one party is 'under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship.'" Hunter v. Sterling Bank, 588 F. Supp. 2d 645, 651 (E.D. Pa. 2008)(quoting F.G. v. MacDonell, 150 N.J. 550, 696 A.2d 697, 704 (1997) (citing Restatement (Second) of Torts, § 874 (1979)). "A fiduciary relationship is generally not present in an arms-length transaction, such as in creditor-borrower relationships." Id. at 651 (citing United Jersey Bank v. Kensey, 704 A.2d 38, 45 (N.J. Super. 1997)). The transaction at issue here appears to have been a purely commercial one, with

7

Defendant acting as lender and Plaintiff as borrower. Without more, these facts do not give rise to a fiduciary relationship between the parties. As such, Plaintiff has not pleaded facts suggesting that there is a fiduciary relationship between himself and Defendant.

With regard to Plaintiff's fraud claim, Federal Rule of Civil Procedure Rule 9(b) requires the circumstances constituting a fraud to be stated with particularity. Fed. R. Civ. P. 9(b). This can be accomplished by pleading "the date, time, and place" of the fraud or otherwise injecting "precision or some measure of substantiation into the allegations." Slimm v. Bank of Am. Corp., No. 12-5846, 2013 U.S. Dist. LEXIS 62849, at * 46-47 (D.N.J. May 2, 2013) (quoting Frederico, 507 F.3d at 200). A plaintiff alleging fraud must state the circumstances of the fraud with "sufficient particularity to place the defendant on notice of the precise misconduct with which he is charged." Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004). In other words, the Rule "requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." In re Advanta Corp. Sec. Litig., 180 F.3d 535, 534 (3d Cir. 1999). Plaintiff has not alleged his fraud claim with any precision, and his allegations fall well short of the specificity required by Fed. R. Civ. P. 9(b). Plaintiff's fraud allegations consist solely of the conclusory statements that he

was knowingly misled by Defendant and overcharged. He does not identify with specificity the content of any alleged false representations by Defendant. Nor does he identify the date, time, and place of the alleged fraud. Frederico, 507 F.3d at 200. Accordingly, he has fallen short of the requirements of Fed. R. Civ. P. 9(b).

Finally, Plaintiff's claims under the Truth in Lending Act and the Fair Credit Reporting Act consistent wholly of legal conclusions. Without any facts to support these conclusions, they must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff will be granted leave, however, to re-plead these, and his other allegations with the necessary factual support.

Moreover, the Court notes that if Plaintiff brings this action with regard to the property located at 1765 N. Lemon Street, Mesa, Arizona 85205, which appears to be the case but is not clear based on the Complaint, his claims will likely be barred under the doctrine of res judicata.[3] Res judicata, or claim preclusion, applies when "there has been (1) a final judgment on the merits in a prior suit involving (2) the same

---

[3] If Plaintiff chooses to amend his Complaint and his amended pleading sets forth claims involving the Lemon Street Property which are not barred by res judicata, the Court will require that Plaintiff show cause why this matter should not, "[f]or the convenience of parties and witnesses, in the interest of justice," be transferred to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).

parties or their privies and (3) a subsequent suit based on the same cause of action." <u>Lubrizol Corp. v. Exxon Corp.</u>, 929 F.2d 960, 963 (3d Cir. 1991). "The doctrine of <u>res judicata</u> bars not only claims that were brought in a previous action, but also claims that could have been brought." <u>In re Mullarkey</u>, 536 F.3d 215, 225 (3d Cir. 2008) (internal citation omitted). Plaintiff has had at least one prior suit against PHH, in which the allegations appear to be nearly identical to those in this matter, dismissed. <u>See</u> Edwards III. Though it appears likely that <u>res judicata</u> will apply to Plaintiff's claims here, the allegations in the Complaint are not pleaded with sufficient clarity for the Court to make that determination at this juncture.[4]

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Complaint will be DISMISSED, without prejudice. Plaintiff will be granted thirty days to amend his Complaint to address the concerns expressed in the Court's Opinion. If Plaintiff fails to amend his Complaint in the time given, the Court will dismiss his claims with prejudice.

---

[4] Because, as stated above, the Complaint is insufficiently pleaded, the Court likewise cannot determine at this juncture whether the New Jersey entire controversy doctrine applies.

An Order consistent with this Opinion shall issue on this date.

                                                  s/ Renee Marie Bumb
                                                  RENÉE MARIE BUMB
                                                  United States District Judge

DATED: June 6, 2018