**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S. Edwards, | No. CV-19-01495-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| PHH Mortgage Corporation, et al., | |
| Defendants. | |

    Before the Court is Defendants Experian Information Solutions, Equifax Consumer Services LLC, and Equifax Consumer Services LLC's (the "Defendants") Joint Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion").[1] (Doc. 36) The Defendants move to dismiss the Plaintiff's first amended complaint (the "FAC") pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(6). For the reasons that follow, the Motion is granted.

**I.    Background**

    The Plaintiff initiated this action on October 3, 2017. (Doc. 1) On June 6, 2018, the United States District Court for the District of New Jersey issued an order dismissing the Plaintiff's first complaint. (Doc. 29) The Plaintiff filed the FAC on June 22, 2018 along with a "Request for Summons to be Issued". (Docs. 31, 32) The Plaintiff does not

---

[1] The Court notes Defendant Experian Information Solutions' claim that it is misidentified as Experian Marketing Solutions and that Equifax Consumer Services LLC is misidentified as Equifax Credit Information Services Incorporated in the FAC. (Doc. 36 at 2) The relief granted under this Order will apply to both Defendant Experian Marketing Solutions and Defendant Equifax Credit Information Services Incorporated.

specifically identify any causes of action against the Defendants in the FAC, but speaks generally of "egregious conduct" related to the foreclosure of the property located at 1765 N. Lemon Street, Mesa, Arizona. (Doc. 31 at 6)

## II. Legal Standard

Rule 12(b)(4) of the Federal Rules of Civil Procedure allows a party to challenge a complaint for insufficient process. Fed. R. Civ. P. 12. A summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c). Rule 4 requires that a summons must (i) name the court and the parties, (ii) be directed to the defendant, (iii) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff, (iv) state the time within which the defendant must appear and defend, (v) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint, (vi) be signed by the clerk, and (vii) bear the court's seal. Fed. R. Civ. P. 4(a). Once service of process is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice. Fed. R. Civ. P. 4(m).

## III. Analysis

The Defendants argue that the Plaintiff failed to issue a summons that complies with Rule 4(b). (Doc. 36 at 2) Specifically, the Defendants argue that the Plaintiff failed to obtain a summons issued and sealed by the Clerk of Court for service on the Defendants. (Doc. 36-1 at 6) In his response to the Motion, the Plaintiff cites to the FAC (Doc. 31) and the request for a summons (Doc. 32) that he filed on June 22, 2018. (Doc. 47 at 2–3) The Court notes that the summons is not properly completed, as it does not include a signature from the Clerk o Court or bear the Court's seal as required by Rule 4. Fed. R. Civ. P. 4(a). Therefore, the Court finds that the Plaintiff failed to obtain sufficient process as required by Rule 4, and this case must be dismissed pursuant to Rule 12(b)(4).

///

///

Accordingly,

**IT IS ORDERED** that Defendants' Joint Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 36) is **granted.**

Dated this 9th day of May, 2019.

_____
Honorable Steven P. Logan
United States District Judge