**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S. Edwards,<br><br>    Plaintiff,<br><br>vs.<br><br>PHH Mortgage Corporation, et al.,<br><br>    Defendants. | No. CV-19-01495-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant PHH Mortgage Corporation's (the "Defendant") Motion to Dismiss Amended Complaint (the "Motion"). (Doc. 34) The Defendant moves to dismiss the Plaintiff's first amended complaint (the "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Plaintiff fails to sufficiently allege any causes of action against the Defendant. For the reasons that follow, the Motion is granted.

**I.      Background**

The Plaintiff initiated this action on October 3, 2017. (Doc. 1) Plaintiff alleges that the Defendant engaged in fraudulent conduct in the administration of a loan related to a property located in Mesa, Arizona. (Doc. 31)

On June 6, 2018, the United States District Court for the District of New Jersey issued an order (the "Dismissal Order") dismissing the Plaintiff's first complaint. (Doc. 29) In the opinion accompanying the Dismissal Order, the New Jersey court found that the Plaintiff's "factual allegations [were] vague and unclear." (Doc. 28 at 2)

The Plaintiff filed the FAC on June 22, 2018. (Docs. 31) The Defendant moves to

dismiss the FAC on the basis that it does not cure any of the defects discussed in the Dismissal Order. (Doc. 34-1 at 8)

## II. Legal Standard

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

## III. Analysis

The Court finds that the FAC fails to address any of the defects identified in the Dismissal Order. The Dismissal Order stated that the Plaintiff "provided minimal detail as to the contract at issue" in his breach of contract claim, and that the Plaintiff "has not specified which provisions of that contract Defendant allegedly breached or in what way it did so." (Doc. 28 at 7) The Court finds that the FAC does not remedy this defect, as the FAC only adds vague statements about the Plaintiff's intent behind this lawsuit, along with salacious comments about the Defendant and its counsel. (Doc. 31 at 2)

On the Plaintiff's breach of fiduciary duty claim, the Dismissal Order states that

2

"Plaintiff has not pleaded facts suggesting that there is a fiduciary relationship between himself and Defendant." (Doc. 28 at 8) The FAC does not add any facts that allow the Court to find that a fiduciary relationship exists between the Plaintiff and the Defendant. On the Plaintiff's fraud claim, the Dismissal Order states "Plaintiff has not alleged his fraud claim with any precision, and his allegations fall well short of the specificity required by Fed. R. Civ. P. 9(b). Plaintiff's fraud allegations consist solely of the conclusory statements that he was knowingly misled by Defendant and overcharged." (Doc. 28 at 8–9) The FAC does not remedy this defect, as the Plaintiff continues to solely rely on conclusory statements to establish this cause of action. As the Dismissal Order noted, the Plaintiff's claims for specific performance and injunctive relief are dismissed because they are remedies, not claims. (Doc. 28 at 6) In that same vein, the Court declines to address those issues here. Finally, on the Plaintiff's claims under the Truth in Lending Act and the Fair Credit Reporting Act, the Dismissal Order states that the Plaintiff's claims "consist[ed] wholly of legal conclusions" "without any facts to support these conclusions". (Doc. 28 at 9) The FAC does not remedy this defect, as the Plaintiff continues to solely rely on conclusory statements to establish this cause of action. Because the FAC does not remedy any of the defects identified in the Dismissal Order, the Court finds that the FAC must be dismissed as well.

Accordingly,

**IT IS ORDERED** that Defendant PHH Mortgage Corporation's Motion to Dismiss Amended Complaint (Doc. 34) is **granted;**

**IT IS FURTHER ORDERED** that all pending motions (Docs. 33, 38, 39, 43, 51, 52, 54, 82, 83) are **denied as moot**, and the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 9th day of May, 2019.

Honorable Steven P. Logan
United States District Judge